REDMOND & NAZAR, L.L.P.
245 North Waco, Suite 402
Wichita, KS 67202
316-262-8361

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CENTRAL KANSAS CRUDE, LLC ) | Case No. 09-13798 |
| ) | Chapter 11 |
| Debtor-in-Possession ) | |

**DEBTOR'S MOTION PURSUANT TO SECTIONS 105, 361, 362, 363 AND 507 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR ENTRY OF AN ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION , (III) MODIFYING THE AUTOMATIC STAY AND (IV) SCHEDULING A FINAL HEARING**

COMES NOW the debtor, Central Kansas Crude, LLC, and respectfully represents:

**Background**

1. On the date hereof (the "Commencement Date"), the debtor commenced with this Court a voluntary case under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The debtor is authorized to operate its business and manage its property as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 28 U.S.C. §1409.

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 2

## Central Kansas Crude's Business

4. The debtor was formerly a Crude broker located in Pratt, Kansas. It historically purchased crude from local operators and then re-sold that crude to other, larger entities including SemCrude at various injection points throughout Kansas.

5. The debtor's operation is located at 413 N. Main, Pratt, Kansas and has been in that location for approximately five years.

6. In June and July 2008, the debtor purchased approximately $25,000,000.00 of crude from various operators in Oklahoma, Colorado, and Kansas. That crude was sold and delivered to SemCrude, LP at various injection points throughout Kansas.

7. In July 2008, SemCrude, LP filed for relief under Chapter 11, Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. At that point, the debtor had delivered a substantial amount of crude to SemCrude, LP but had received payment for that crude. This left the debtor with the insufficient cash to pay the operators for the crude purchased as well as the severance taxes due as the first purchaser of that crude.

8. The debtor did not immediately file bankruptcy based upon that lack of cash flow, however. Rather, Central Kansas Crude attempted to negotiate settlements with the operators regarding the amounts due. In that proposition, Central Kansas Crude offered to pay each operator 25% of the amount owed, and amortize the remaining amount over five years with quarterly payments being made. Several operators agreed to that payment arrangement, but several

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 3

operators did not.

9. Central Kansas Crude funded that payoff to the accepting operators by borrowing against the equity in the fleet of trucks owned and operated by Central Kansas Crude. The Peoples Bank, N.A. provided the financing.

10. However, with the declining crude market and the lack of participation of the operators in the pre-bankruptcy reorganization, the debtor devolved into a trucking business, in which it takes receipt of crude from operators and delivers it to various injections points throughout Kansas. The debtor is then paid for its services.

## Summary of Relief Requested

11. By this motion (the "Motion"), the debtor requests (i) pursuant to Sections 105, 361, 362, 363 and 507 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

    a. Authority to use cash collateral;

    b. Authority to grant adequate protection to The Peoples Bank, N.A.;

and (ii) pursuant to Bankruptcy Rule 4001(b)(2), the scheduling of a final hearing (the "Final Hearing") with respect to the foregoing relief.

## Bankruptcy Rule 4001 Concise Statement

12. In accordance with Bankruptcy Rule 4001, below is a summary of the nature of the debtor's request and proposed use of Cash Collateral:

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 4

    a.    <u>Parties with Interest in Cash Collateral</u>.  The sole party with interest in Cash Collateral is The Peoples Bank, N.A. equipment, accounts, inventory and personal property (herein after defined as the "Collateral") of the debtor pursuant to two (2) promissory notes totaling approximately $3,221,074.00.

    b.    <u>Use of Cash Collateral</u>.  The debtor intends to use Cash Collateral to pay expenses of the operation of its business in accordance with the Budget (as defined below), up to amounts not to exceed 125% of the amounts set forth in the Budget on a cumulative basis measured monthly.

    c.    <u>Termination Date</u>.  The debtor seeks authorization to use Cash Collateral for the period (the "Specified Period") from the Commencement Date through May 16, 2010.

    d.    <u>Events of Default</u>.  The occurrence of any of the following events, unless waived in writing by The Peoples Bank, N.A. shall constitute an event of default (the "Events of Default"):

        1)    the entry of an order by the Court, other than the Interim Order, granting relief from or modifying the automatic stay of Section 362 of the Bankruptcy Code (i) to allow any creditor to execute upon or enforce a lien on or security interest in any Collateral, or (ii) with respect to any lien of or the granting of any lien on any Collateral to any state or local environmental

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
   Bankruptcy Case No. 09-13798
   Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 5

or regulatory agency or authority, which in either case would have a material adverse effect on the business, operations. property, assets, or condition, financial or otherwise, of the debtor;

2) dismissal of the case or conversion of the case to Chapter 7 case, or appointment of a Chapter 11 trustee or examiner with enlarged powers or other responsible person;

3) upon written notice from The Peoples Bank, N.A., any material misrepresentation of a material fact made after the Commencement Date by the debtor to The Peoples Bank, N.A. about the financial condition of the debtor, the nature, extent, location or quality of any Collateral, or the disposition or use of any Collateral, including Cash Collateral;

4) upon written notice from The Peoples Bank, N.A., the material failure to make Adequate Protection Payments or other payments to The Peoples Bank, N.A. as set forth in the Budget when due; and

5) the failure by the debtor to perform, after notice from The Peoples Bank, N.A., in any respect, any of the material terms, provisions, conditions, covenants, or obligations under the

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 6

Interim Order.

    e.    <u>Rights and Remedies Upon an Event of Default</u>. Immediately upon the occurrence and during the continuation of an Event of Default, The Peoples Bank, N.A. may declare a termination, reduction or restriction on the ability of the debtor to use Cash Collateral (any such declaration shall be referred to herein as a "Termination Declaration"). The Termination Declaration shall be given by facsimile (or other electronic means) to counsel to the debtor, counsel to any official committee of unsecured creditors appointed in this case pursuant to Section 1102 of the Bankruptcy Code (a "Statutory Committee") and the United States Trustee (the "U.S. Trustee") (the earliest date any such Termination Declaration is made shall be referred to herein as the "Termination Declaration Date"). During the period that ends five (5) business days after the Termination Declaration Date (the "Remedies Notice Period"), the debtor may use Cash Collateral in accordance with the terms and provisions of the Budget solely to meet payroll obligations and to pay expenses critical to the preservation of the debtor and its estate as set forth in the Budget and the debtor may request that the Court order further use of Cash Collateral.

    f.    <u>Adequate Protection</u>.

        1)    The Peoples Bank, N.A., for its benefit, shall receive, (i) an

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 7

additional and replacement continuing valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interest and lien (the "Senior Adequate Protection Liens") on any and all presently owned and hereafter acquired personal property and all other assets of the debtor and its estate, together with any proceeds thereof, including, without limitation, as set forth in the loan documents; (ii) to the extent provided by Sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the case and any Successor Case (the "Senior Adequate Protection Superpriority Claim");

g. <u>Priority of Adequate Protection Superpriority Claim</u>. Except for the Carve Out, the Adequate Protection Superpriority Claims of The Peoples Bank, N.A. shall have priority over all administrative expenses and unsecured claims against the debtor and its estate, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to Sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114 of the Bankruptcy Code and, upon entry of the Final Order, the Senior Adequate Protection Superpriority Claim

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 8

shall have priority over all claims pursuant to Section 506(c) of the Bankruptcy Code. Notwithstanding any provisions of the Interim Order, no Adequate Protection Liens shall attach to, and no Adequate Protection Superpriority Claims shall be recoverable from avoidance actions prior to entry of a Final Order;

h. <u>Carve Out</u>. "Carve Out" means the following amounts:

1) statutory fees payable to the U.S. Trustee;

2) pursuant to Section 726(b) of the Bankruptcy Code, claims allowed by a final order of the Bankruptcy Court under Section 503(b) of the Bankruptcy Code that are incurred after the conversion of the Chapter 11 case to a case under Chapter 7 of the Bankruptcy code in an amount not to exceed $5,000;

3) the allowed and paid professional fees and disbursements incurred by the debtor for attorney fees; and

4) up to $140,000 of other professional fees and disbursements incurred prior to the entry of the Final Order and, subsequent to the entry of a Final Order, such amounts as are provided in the Budget, by an Statutory Committee for any professionals retained by final order of the Court or for any certified public accountants retained by the debtor and appointed by the Court.

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 9

      i.      <u>Section 506(c) Claims</u>. Upon entry of the Final Order, no costs or expenses of administration which have been or may be incurred shall be charged against The Peoples Bank, N.A. or any of their respective claims or the Collateral pursuant to Sections 105 or 506(c) of the Bankruptcy Code, or otherwise, without the prior express written consent of them.

      j.      <u>Lien on Avoidance Actions</u>. From and after the date of entry of the Final Order, "Collateral" shall also include all proceeds of actions under Chapter 5 of the Bankruptcy Code. The Adequate Protection Liens secure the payment of the pre-petition obligations in an amount equal to any diminution in value of The Peoples Bank, N.A.'s interest in the Collateral from and after the Commencement Date.

**The Proposed Use of Cash Collateral**

13. The debtor does not have available sources of working capital and financing to carry on the operation of its business without the use of Cash Collateral. In order to operate in Chapter 11 and maximize the value of its estate, the debtor must have access to cash generated from outstanding receivables, which in turn involves the sale of currently held crude. Overall, the debtor requires the use of Cash Collateral to continue to operate its business, pay lease operators, pay critical vendors, pay its employees and satisfy the other costs of operations, including, taxes, and insurance. The use of Cash Collateral is therefore critical to preserve

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 10

and maintain the going concern value of the debtor.

14. For the above reasons, the debtor has determined, in the exercise of its sound business judgment, that it requires the use of Cash Collateral for the maintenance and preservation of its property, the operation of its business, the payment of expenses attendant thereto, and the costs and expenses of administering this case. The debtor hereby requests authority to use Cash Collateral for working capital and capital expenditures, other general operating purposes, and to pay the costs and expenses of administering this case, all in compliance with a cash collateral budget (the "Budget"), which is attached hereto as **Exhibit A**. All payments described in the Budget are necessary to maintain and continue the debtor's operations and preserve its going concern value for the benefit of the debtor's creditors. Without cash to make the payment outlined in the Budget as permitted in the Interim Order, immediate and irreparable harm could occur to the debtor's operation and the interest of the debtor, its estate and its creditors.

## Proposed Adequate Protection

15. In order to protect The Peoples Bank, N.A. from any diminution in value of their respective interests in the Cash Collateral, the debtor proposes to provide adequate protection to The Peoples Bank, N.A. (the "Proposed Adequate Protection") as follows.

16. The Peoples Bank, N.A., for its benefit, shall receive:

    a. additional and replacement continuing valid, binding, enforceable, non-avoidable and automatically perfected post-petition security interests in and

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 11

liens (the "Senior Adequate Protection Liens") on any and all presently owned and hereafter acquired personal property and all other assets of the debtor and its estate, together with any proceeds thereof, including, without limitation, as set forth in the loan documents (collectively, the "Collateral");

b. to the extent provided by Sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the case and any successor case (the "Senior Adequate Protection Superpriority Claim");

c. monthly, interest-only payments relative to the amounts due in the amount of $17,447.00 per month;

d. payment of the reasonable fees, costs and expenses of The Peoples Bank, N.A. under 11 U.S.C. §506(b), including, without limitation, the reasonable fees and expenses of legal and other professionals retained by it;

e. post-petition non-default interest under 11 U.S.C. §506(b) to The Peoples Bank, N.A.;

**The Proposed Use of Cash Collateral Should Be Approved**

**A.    The Use of Cash Collateral is Warranted and Should be Approved**

17. Pursuant to Section 363(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral unless:

"(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorized such use, sale or lease in

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 12

accordance with the provisions of this section." 11 U.S.C. §363(c)(2).

18. As set forth above, cash is necessary for working capital and capital expenditures, and operating costs and expenses at the outset of, and during, this Chapter 11 case. The debtor does not have available sources of working capital and financing to carry on the operation of its business without the use of Cash Collateral. The debtor's ability to maintain business relationships with its vendors, suppliers and customers and to meet payroll and other operating expenses is essential to the debtor's continued viability and the value of its business as going concerns. The use of Cash Collateral is therefore critical to the preservation and maintenance of the going concern value of the debtor, as well as the value of the Collateral.

**B.    The Proposed Adequate Protection Should be Approved**

19. Section 363(e) of the Bankruptcy Code provides that:

> "on request of an entity that has an interest in property used... or proposed to be used... by the [debtor in possession], the court... shall prohibit or condition such use... as is necessary to provide adequate protection of such business." 11 U.S.C. §363(e). "The concept of 'adequate protection' is not defined in the [Bankruptcy] Code except by the implications of the examples of adequate protection listed in §361." *In Re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986).

Section 361 of the Bankruptcy Code contains a non-exhaustive list of acceptable forms of

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 13

adequate protection, including a cash payment or periodic cash payments, additional liens, replacement liens, and the "indubitable equivalent of such equity's interest in such property." 11 U.S.C. §361.

20. The determination of adequate protection is a "fact-specific inquiry." *In Re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) ("Its application is left to the vagaries of each case...") (citation omitted). The focus of the adequate protection requirement is to preserve the secured creditor's position at the time of the bankruptcy filing and to protect the secured creditor from diminution in the value of its collateral during the reorganization process. *Id.* at 288 (citation omitted); *Beker,* 58 B.R. at 736. *See In Re WorldCom, Inc.*, 304 B.R. 611, 618-19 (Bankr. S.D.N.Y. 2004) ("The legislative history for section 361 of the Bankruptcy Code, which sets forth how adequate protection may be provided under section 363, makes clear that the purpose is to insure that the secured creditor receives the value for which the creditor bargained for prior to the debtor's bankruptcy."). "However, neither the legislative history nor the Bankruptcy Code require the Court to protect a creditor beyond what was bargained for by the parties." *Id*. at 619. *See Beker*, 58 B.R. at 741 ("Adequate protection, not absolute protection, si the statutory standard.").

21. The Proposed Adequate Protection offered by the debtor to The Peoples Bank, N.A. is appropriate. The Peoples Bank, N.A. is receiving Adequate Protection Liens and Adequate Protection Superpriority Claims in the same priority as existed prior to the Commencement Date to adequately protect against the diminution of the value of their Collateral. The debtor

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 14

believes that it is in the best interest of its estate, creditors and all parties in interest, that it reaches a consensual rather a litigated resolution with The Peoples Bank, N.A. regarding the use of Cash Collateral and provide them with the Proposed Adequate Protection.  The Proposed Adequate Protection will sufficiently protect the interest of The Peoples Bank, N.A. in the Cash Collateral.  Accordingly, the Proposed Adequate Protection is fair and reasonable and sufficient to satisfy the requirement of Section 363(c)(2) of the Bankruptcy Code.

## The Interim Approval Should be Granted

22. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than fifteen (15) days after the service of such motion.  Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the debtor's estate pending a final hearing.

23. Pursuant to Bankruptcy Rule 4001(b), the debtor requests that the Court conduct an expedited preliminary hearing on the Motion and (i) authorize the debtor to use the Cash Collateral of The Peoples Bank, N.A. in order to (a) maintain and finance the ongoing operations of the debtor, and (b) avoid immediate and irreparable harm and prejudice to the debtor's estate and all parties in interest, and (ii) schedule a Final Hearing on the relief requested herein.

24. Absent authorization from the Court to use Cash Collateral on an interim basis pending Final

In the United States Bankruptcy Court for the District of Kansas
IN RE: Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 15

Hearing, the debtor will be immediately and irreparably harmed. As set forth above, the debtor's ability to use Cash Collateral is critical to its ability to operate its business and preserve any value to for its creditors. Without immediate liquidity provided by the use of Cash Collateral, the debtor will simply be unable to conduct normal business operations, will be unable to pay basic expenses, like payroll, utilities and post-petition supplier payments, and will suffer a precipitous loss of value to the detriment of all parties in interest. Indeed, absent the interim use of Cash Collateral, the debtor's business will be brought to an immediate halt and the debtor's objective of liquidating its business as going concern, while maintaining the value of the assets for the benefit of its creditors will fail without a fair opportunity to achieve the purpose of Chapter 11 of the Bankruptcy Code. Serious and irreparable harm to the debtor and its estate would occur, with disastrous consequences for the debtor, its estate and creditors.

25. The Interim Order seeks approval to use Cash Collateral only in the amount necessary to sustain the debtor's operation prior to the Final Hearing, as set forth in the Budget.

### The Debtor Satisfies Bankruptcy Rule 6003

26. The debtor submits that the facts cited herein illustrate that the relief requested is necessary to avoid immediate and irreparable harm to the debtor and its estate. Based on the foregoing, Bankruptcy Rule 6003 has been satisfied.

### Notice

27. No trustee or examiner has been appointed in this Chapter 11 case. The debtor has served

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Central Kansas Crude, LLC.
Bankruptcy Case No. 09-13798
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 16

notice of this motion on (i) the United States Trustee; (ii) the president of The Peoples Bank, N.A.; (iii) counsel for the Kansas Department of Revenue; and (iv) those creditors holding the twenty largest unsecured claims against the debtor's estate.  The debtor submits that no other or further notice need be provided.

28. No previous request for the relief sought herein has been made by the debtor to this or any other court.

WHEREFORE the debtor respectfully requests that this Court grant the relief requested herein and such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED:

REDMOND & NAZAR, L.L.P.


 /s/Edward J. Nazar
Edward J. Nazar, #09845
Nicholas R. Grillot, #22504
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ebn1@redmondnazar.com