# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: CENTRAL KANSAS CRUDE, L.L.C., | ) ) ) ) | No. 09-13798 (Chapter 11) |
| Debtor-in-Possession. | ) | |

| | | |
|---|---|---|
| CHESAPEAKE EXPLORATION, L.L.C., AND CHESAPEAKE OPERATING, INC., | ) ) ) | |
| vs. | ) ) | ADV No. _____ |
| CENTRAL KANSAS CRUDE, L.L.C.; AND PEOPLE'S BANK OF PRATT; AND AGV CORP, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Chesapeake Exploration, L.L.C. and Chesapeake Operating, Inc. (collectively "Plaintiffs" or "Chesapeake"), for their causes of action against the Defendants, Central Kansas Crude, L.L.C. (the "Debtor"), People's Bank of Pratt ("People's Bank"), and AGV Corp ("AGV"), allege and state:

### The Parties

1. Chesapeake Exploration, L.L.C. ("Chesapeake Exploration") is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma.

2. Chesapeake Operating, Inc. ("Chesapeake Operating") is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

3. Central Kansas Crude, L.L.C. (the "Debtor") is a Kansas limited liability company with its principal place of business in Pratt, Kansas, and is the debtor-in-possession in this bankruptcy proceeding.

4. People's Bank of Pratt ("People's Bank") is a banking corporation with its principal place of business in Pratt, Kansas.

5. AGV Corp ("AGV") is a Kansas corporation with its principal place of business in Attica, Kansas.

## Jurisdiction

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334. Reference to this Court of this adversary proceeding is proper pursuant to 28 U.S.C. §157(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(B),(K) and (O).

## Facts

7. Plaintiffs are owners of and represent other owners of working interests, royalty interests, overriding royalty interests and other interests in the mineral acreage and the oil and gas produced from various wells located in the State of Oklahoma that are the subject of this action (the "Oklahoma Wells"). Chesapeake Operating is the operator of the Oklahoma Wells. As operator of the Oklahoma Wells, Chesapeake Operating is generally authorized to market and sell the oil and gas produced from the Oklahoma Wells attributable to the various owners of production, including other working interest owners, royalty interest owners, overriding royalty interest owners and others. Plaintiffs and the other owners that they represent in the Oklahoma Wells are referred to as "Oklahoma Producers."

8. Chesapeake's predecessor with respect to the Oklahoma Wells was Avalon Oil & Gas II, LLC ("Avalon"). Avalon entered into a marketing agreement whereby the Debtor agreed to purchase the oil produced from the Oklahoma Wells. Upon its acquisition of the properties

2

from Avalon, Chesapeake continued with the preexisting marketing agreement with respect to June and July 2008 production. Thus, during June and July, 2008, the Debtor was the "first purchaser" of oil production from the Oklahoma Wells (the "Oklahoma Production").

9. Pursuant to contractual requirements and industry practice, the Debtor was required to pay for the production of crude oil purchased in one month on the 20th day of the following month. Accordingly, payment for the June production from the Oklahoma Wells was due on July 20, 2008, and for July production was due on August 20, 2008. Chesapeake sold oil production to the Debtor from the Oklahoma Wells in June totaling $510,093.30 and sold oil production to the Debtor from July 1 through July 21 totaling $849,595.40.

10. After purchase of the oil and gas from the Oklahoma Wells, the Debtor resold that production to SemCrude, L.P. ("SemCrude") as a "downstream purchaser." SemCrude has failed to pay the Debtor for the oil purchased. The Debtor holds or has a right to receive payment for proceeds of the Oklahoma Production from SemCrude, among other sources.

11. Pursuant to 52 Okla. Stat. §570.10, which is part of the Oklahoma Production Revenue Standards Act (the "PRSA"), all proceeds from the sale of oil and gas from wells located in Oklahoma are regarded as separate and distinct from all other funds until they are paid to the owners legally entitled thereto. Any person holding proceeds from the sale of Oklahoma production is required to hold such proceeds for the benefit of the owners legally entitled thereto. The Oklahoma Producers are owners within the meaning of the statute. Section 570.10(A) of the PRSA provides:

> All proceeds from the sale of production shall be regarded as separate and distinct from all other funds of any person receiving or holding the same until such time as such proceeds are paid to the owners legally entitled thereto. Any person holding revenue or proceeds from the sale of production shall hold such revenue or

proceeds for the benefit of the owners legally entitled thereto. Nothing in this subsection shall create an express trust.

12. Section 570.10(A) creates an implied trust, whether resulting or constructive, on the oil and gas and the proceeds thereof in favor of producers. As a result of the implied trust, such oil and gas and proceeds are not property of a debtor's bankruptcy estate. Further, a debtor does not acquire sufficient rights in the oil and gas and proceeds for any security interest granted by such debtor to attach.

13. People's Bank of Pratt asserts a first priority security interest and lien in the Oklahoma Production and the proceeds thereof. Any interest of People's Bank in such oil and gas and proceeds is subject and subordinate to the rights of the Oklahoma Producers under Section 570.10(A).

14. AGV asserts a security interest and lien in the Oklahoma Production and the proceeds thereof. Any interest of AGV in such oil and gas and proceeds is inferior and subordinate to the rights of the Oklahoma Producers under Section 570.10(A).

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against all Defendants declaring and ordering as follows:

A. That §570.10(A) creates an implied trust, whether resulting or constructive, for the benefit of the Oklahoma Producers pursuant to which any holder of proceeds of the Oklahoma Production, including both the Debtor and any downstream purchasers such as SemCrude, holds such proceeds in trust for the benefit of the Oklahoma Producers and is required to pay such proceeds to the Oklahoma Producers entitled thereto;

B. That under §570.10(A), any holder of the proceeds of the Oklahoma Production sold by the Oklahoma Producers does not have any rights in such proceeds;

C. That under §570.10(A), the proceeds of the Oklahoma Production sold by the Oklahoma Producers do not constitute property of the bankruptcy estate of the Debtor under 11 U.S.C. §541;

D. That under §570.10(A), any asserted liens and security interests of People's Bank of Pratt and AGV did not attach to the proceeds of the Oklahoma Production and the right of the Oklahoma Producers to the proceeds of the Oklahoma Production is superior to any claim of such secured creditors;

E. That the Oklahoma Producers have a first and prior right to all proceeds of the Oklahoma Production as constituting their property held in trust;

F. That judgment be entered in favor of the Oklahoma Producers awarding them recovery of all proceeds of the Oklahoma Production, including proceeds received or to be received from the bankruptcy of SemCrude, L.P.;

G. That the Debtor be required to provide an accounting to the Oklahoma Producers concerning the sale of the Oklahoma Production and any resulting proceeds; and

H. That the Oklahoma Producers be granted such other and further relief to which they may be entitled.

/s/ Steven W. Bugg
Steven W. Bugg, OBA #1299
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
E-Mail: steven.bugg@mcafeetaft.com

and

/s/ William B. Sorensen, Jr.
William B. Sorensen, Jr., KS #10010
Morris, Laing, Evans, Brock & Kennedy, CHTD
300 N. Mead, Suite 200
Wichita, KS  67202
Telephone: 316-383-6458
Facsimile: 316-383-6558
E-Mail: W.Sorensen@Morrislaing.com

ATTORNEYS FOR CHESAPEAKE EXPLORATION, L.L.C. AND CHESAPEAKE OPERATING, INC.